IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Marlon Andre Wilson,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 1:11cv1328 (JCC/TRJ) |
| | ) | |
| United States Parole Commission,<br>Respondent. | )<br>)<br>) | |

MEMORANDUM OPINION AND ORDER

Marlon Andre Wilson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of a detainer placed against him by the United States Parole Commission ("USPC"). Petitioner has neither applied to proceed in forma pauperis in this action nor paid the applicable filing fee. Because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief, this petition will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

I.

Petitioner's allegations are not a model of clarity, but it can fairly be gleaned that he presently is confined at the Fairfax County Adult Detention Center on unspecified charges. Wilson explains that he was on supervised release from a federal conviction when he engaged in new criminal conduct consisting of "non-violent crimes, non-drug crimes and positive urine collections" in Montgomery County, Virginia. Pet. at 1.[1] Petitioner pleaded guilty to the charges and was released on bond pending sentencing on December 19, 2011. Pet. at 2. However, because the USPC had placed a detainer against him for violation of his federal supervised

---

[1] Although the petition as written is not paginated, page numbers are used here for ease of reference.

release, Wilson was not released, and instead was extradited to Fairfax County "to handle some allegations." Pet. at 4. After his arrival in Fairfax County, petitioner was served with a parole violator warrant issued by the United States Marshal for the Eastern District of Virginia. Id. Petitioner argues that the pendency of the detainer violates his right to due process, because although he is not finished disposing of his charges in Montgomery County, he will be sent to a federal facility upon his release by Fairfax County authorities, and he will thereby be deprived of his liberty. Pet. at 2 - 3. Petitioner requests that the Court order the USPC to "recall the detainer," Pet. at 1, or apparently in the alternative asks that the Court direct that a revocation hearing be held promptly. Pet. at 5. Petitioner also seeks the appointment of counsel. Pet. at 6.

## II.

Taking all of petitioner's allegations as true, his claim of entitlement to an immediate parole revocation hearing to dispose of the USPC warrant which has been lodged as a detainer is clearly without merit. The USPC has broad discretion concerning the issuance and execution of its parole violator warrants, and it may elect either to issue or to delay issuance of a warrant pending the disposition of a criminal charge. 18 U.S.C. § 4213(b) (1976). Similarly, once it decides to issue a warrant, the Commission may have its warrant executed, or it may have the warrant held in abeyance pending the occurrence of a condition it sets. Id. If a parolee is convicted of committing a new criminal offense while on parole and is serving a new prison sentence as a result, the Commission may lodge its warrant as a detainer, as has been done in this case. 18 U.S.C. § 4213(b)(1). The Commission also has discretion to decide when to initiate parole revocation proceedings. 18 U.S.C. § 4213(a)(1)(A)(I); see Gaddy v. Michael, 519 F.2d 669, 674 (4th Cir. 1975), cert. denied, 429 U.S. 998 (1976) ("[I]t has been the uniform rule that the execution of the warrant may be held in abeyance awaiting the outcome of pending criminal charges against the parolee, where, as here, such charges are the basis for the warrant and any

delay thereby occasioned will be deemed reasonable.") Petitioner's entitlement to a parole revocation hearing will arise only when the USPC's warrant which presently is lodged as a detainer is executed. See Moody v. Daggett, 429 U.S. 78, 89 (1976) (parolee serving additional term of imprisonment for offense committed while on parole is constitutionally entitled to revocation hearing only after he completes service of the new term and is taken into custody on parole violator warrant); Heath v. U. S. Parole Commission, 788 F.2d 85, 91 (2d Cir. 1986) ("Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant."); Hicks v. U.S. Board of Paroles and Pardons, 550 F.2d 401, 403 (8th Cir. 1977) (Commission has no constitutional duty to conduct revocation hearing until parolee is taken into custody as a parole violator through execution of warrant). Until the warrant is executed, the fact that Wilson has not received a parole revocation hearing does not amount to a violation of his constitutional rights. Hicks, 550 F.2d at 404 (inmate has no liberty interest giving rise to necessity of a hearing until Commission executes it warrant). Accordingly, petitioner is not entitled to federal habeas corpus relief for the claim he asserts.

As to petitioner's prayer for the appointment of counsel, there is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). While a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(2)(B), Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to

represent himself adequately. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Here, for the reasons discussed above, an evidentiary hearing does not appear necessary. Therefore, petitioner's request for the appointment of counsel must be denied.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing § 2254; and it is further

ORDERED that petitioner's request for the appointment of counsel be and is DENIED.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. <u>See</u> 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and a courtesy copy of this Order and the petition to the United States Attorney for the Eastern District of Virginia on behalf of respondent, pursuant to Rule 4 of the Rules Governing § 2254, and to close this civil case.

Entered this 3rd day of May 2012.

Alexandria, Virginia

/s/ *signature*
Liam O'Grady
United States District Judge